CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 28, 2011

LETTER TO COUNSEL:

    RE:    Marvin Samuel Temple v. Commissioner, Social Security Administration;
              Civil No. SAG-10-2384

Dear Counsel:

    On August 27, 2010, the Plaintiff, Marvin Samuel Temple, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits ("DIB") (Paper No. 1). I have considered the parties' cross-motions for summary judgment (Paper Nos. 12 and 18). I find that no hearing is necessary. Local Rule 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3). *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions for summary judgment, vacate the agency's decision, and remand for further proceedings in this matter. This letter explains my rationale.

    Mr. Temple's application was based upon his claim of disability due to low-back injuries and hearing loss. (Tr. 126). He filed his claim on May 21, 2008, alleging that he became disabled on May 1, 2007. (Tr. 102). His claim was denied initially on August 14, 2008, (Tr. 61-62), and on reconsideration on January 8, 2009 (Tr. 63). A hearing was held on August 27, 2009 before an Administrative Law Judge ("ALJ"). (Tr. 25-60). Following the hearing, the ALJ determined that Mr. Temple had not been disabled at any time from 2007 through the date of the hearing. (Tr. 7-19). The Appeals Council denied Mr. Temple's request for review (Tr. 1-3), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ determined that Mr. Temple retained the residual functional capacity ("RFC") to:

> lift 10 pounds frequently, and 20 pounds occasionally. He can read and write and perform simple math, but has difficulty with spelling, and is limited to not more than occasional writing. He can occasionally balance, stoop, kneel, crouch, or crawl, but can never climb ladders, ropes, or scaffolds. He cannot tolerate even moderate exposure to background noise and cannot perform work requiring constant talking on the telephone. Thus, he remains capable of performing a restricted range of light work activity (*i.e.*,

work that requires maximum lifting of 20 pounds and frequent lifting of 10 pounds; some light jobs are performed while standing, and those performed in the seated position often require the worker to operate hand or leg controls.

(Tr. 14). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Temple can perform jobs that exist in significant numbers in the national economy, and that he is not therefore disabled. (Tr. 18-19).

Mr. Temple presents two arguments on appeal. First, he argues that the ALJ failed to evaluate each of his work-related abilities on a function-by-function basis when determining his residual functional capacity ("RFC"). Second, he contends that that ALJ failed to assign weight to each medical source opinion. This Court agrees with both arguments in part, and remands Mr. Temple's case for further analysis. In remanding the case, however, this Court does not express any opinion as to whether the ALJ's ultimate decision on the merits of Mr. Temple's claim was correct or incorrect. This Court's decision simply indicates that more information is required to permit adequate review.

The ALJ did not evaluate Mr. Temple's work-related abilities on a function-by-function basis because she did not address the medical evidence suggesting limitations in Mr. Temple's ability to stand and walk. The ALJ specified that she assigned "little weight" to the significant functional limitations described in the opinion of Mr. Temple's treating physician, Dr. Noman Thanwy. (Tr. 17). However, other physicians, including consultative examiner Dr. Christian E. Jensen, also described functional limitations that would affect Mr. Temple's ability to stand and walk considerable distances or prolonged periods of time.[1] (Tr. 338). The RFC described by the ALJ did not place any restrictions on standing or walking, and in fact several of the jobs discussed by the VE, such as cafeteria attendant and courier, involve significant standing and walking. (Tr. 54). The ALJ did not provide any analysis of her assessment of Mr. Temple's ability to stand, walk, and sit. Her broad and conclusory decision to give little weight to Dr. Thanwy's opinion as "outweighed by the bulk of the medical evidence" is not sufficiently clear to provide a meaningful opportunity for review. (Tr. 17). This case is remanded for a more comprehensive discussion of precisely what medical evidence supports the ALJ's position, including references to the factual record.

Another indicator of the ALJ's failure to provide adequate support from Mr. Temple's medical records is the lack of an express assignment of weight to the medical opinions of Dr. Jensen and Dr. Curtis N. Nelson. The ALJ is required to indicate "the weight given to all relevant evidence." *Gordon v. Schweiker,* 725 F.2d 231 (4th Cir. 1984). The ALJ referred briefly to Dr. Nelson and Dr. Jensen in her RFC analysis (mentioning each of them in one sentence apiece). (Tr. 16, 17). Both Dr. Nelson and Dr. Jensen provide some opinions that are

---

[1] The ALJ cited Dr. Jensen's report, which noted a normal gait and station and the lack of need for assistive devices, in considering whether Mr. Temple meets Listing 1.00, which requires "functional limitations such as inability to ambulate effectively." (Tr. 13). However, there is a difference between an ability to ambulate effectively and an ability to stand or walk for all or most of an eight-hour workday. Dr. Jensen expressed concerns about the latter, and those concerns were not addressed in the ALJ's RFC evaluation.

helpful to Mr. Temple and some opinions that are helpful to the Commissioner.  Presumably, the ALJ is relying in large part on those two physicians' reports when she refers to the "bulk of the medical evidence" as contradicting Dr. Thanwy's opinion.  (Tr. 17).  However, this Court's role is not to guess which evidence the ALJ is using to support her decision, particularly where the medical reports contain evidence supporting both sides.  There are clear inconsistencies, for example, between Dr. Jensen's opinion that Mr. Temple has no problems sitting (Tr. 338), and Dr. Thanwy's opinion that Mr. Temple can only sit for a total of 2-3 hours in a workday.  (Tr. 432).  The Fourth Circuit requires that the ALJ articulate the reasons for crediting one doctor's opinion over another's.  *See Murphy v. Bowen,* 810 F.2d 433, 437 (4th Cir. 1987).  The factual underpinnings for the ALJ's decision must be provided by the ALJ, and this case is remanded so that a thorough analysis can be provided.

For the reasons set forth herein, Plaintiff's motion for summary judgment (Paper No. 12) will be DENIED and Defendant's motion for summary judgment (Paper No. 18) will be DENIED.  The decision of the ALJ is vacated and remanded for further consideration in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge